

WILMINGTON
RODNEY SQUARE

NEW YORK
ROCKEFELLER CENTER

**Robert M. Vrana**
P 302.571.6726
rvrana@ycst.com

October 10, 2025

**VIA ECF:** Judge Stephanos Bibas, United States District Court, District of Delaware

Re: *Copeland v. Netflix, Inc. et al.*, No. 1:24-cv-00163-SB (D. Del. filed Feb. 7, 2024)

Dear Judge Bibas:

We write on behalf of defendants Netflix, Inc., Lifetime Entertainment Services, LLC, and A&E Television Networks, LLC (collectively, the "Defendants") in response to Your Honor's October 3, 2025 order. D.I. 58.

Defendants do not contest that there is complete diversity among the parties in this action and that this Court has subject-matter jurisdiction.

Defendant Netflix, Inc. is a Delaware corporation with its principal place of business in California.

Defendant Lifetime Entertainment Services, LLC is a Delaware LLC with its principal place of business in New York. LES's sole member is Defendant A&E Television Networks, LLC ("AETN"), which is a Delaware LLC with its principal place of business in New York.

Defendant AETN itself is an LLC with interests held by five entities:

• Hearst Communications, Inc. is a Delaware corporation with its principal place of business in New York, the direct or indirect parent of which is The Hearst Corporation. The Hearst Corporation is a Delaware corporation, with its principal place of business in New York.

• Hearst Holdings, Inc. is a Delaware corporation with its principal place of business in New York, the direct or indirect parent of which is The Hearst Corporation.

• Disney/ABC International Television, Inc. is a Delaware corporation with its principal place of business in California, whose ultimate parent company is The Walt Disney Company. The Walt Disney Company is a Delaware corporation, with its principal place of business in California.

• Hearst LT, Inc. is a Delaware corporation with its principal place of business in New York, the direct or indirect parent of which is The Hearst Corporation

• Cable LT Holdings, Inc. is a Delaware corporation with its principal place of business in California,, the ultimate parent of which is The Walt Disney Company.

Defendants further note that during the September 24, 2025 hearing, the Court asked

Plaintiff to set out what additional facts, if any, she could plead to support her actual malice or other substantive allegations. Her two letters to the Court submitted on October 3, 2025 raise no additional allegations beyond jurisdiction. *See* D.I. 55, 57. Indeed, Plaintiff states that "[n]o other amendments to the Complaint are requested." D.I. 55 at 2. Defendants accordingly renew their request that the Court dismiss Plaintiff's claims with prejudice.

            Respectfully,

            */s/ Robert M. Vrana*

            Robert M. Vrana (No. 5666)